THE BALDWIN STAR COAL COMPANY V. QUINN ET AL.

1. **Discontinuance—Dissolution of Injunction**—The dismissal of an equity cause dissolves an injunction awarded therein. —(592)

2. **Nonsuit — Effect of Testimony for Plaintiff —** On motion for a nonsuit the testimony introduced on the part of the plaintiff must be taken as true; and the plaintiff is entitled to the benefit of all legitimate inferences therefrom.—(592)

3. **Executive Departments—Orders—Collateral Assault**—The decision of .the secretary of the interior in a controversy between adverse claimants to public lands, annulling the entry of one as fraudulent, permitting amendment of the entry of the other, and awarding a patent to the latter relating to the date of his entry, cannot be assailed in an action upon a bond given by the party defeated in the land department, upon an injunction which he obtained from the state court restraining mining in the premises in dispute, while the controversy was proceeding in the land office.—(595)

4. **Fraud—Entry of Public Lands**—An entry of the public lands obtained by fraud is void ab initio. The entryman is, from the beginning, without right.—(595)

The opinion of the court of. appeals in the same case, Quinn v. Baldwin Co., 19 Col. App. 497, approved.—(593)

*Appeal from Gunnison District Court—*Hon. THERON STEVENS, Judge.

Mr. SPRIGG SHACKELFORD, and Mr. SAMUEL D. CRUMP, for appellant.

Messrs. BROWN & NOURSE, and Mr. DEXTER T. SAPP, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Action by the obligee in an injunction bond against the obligors to recover the damage which it says it suffered as a result of the wrongful suing out of the injunction writ. At the close of plaintiff's testimony, defendants offering none, the court granted defendants' motion for a nonsuit, and dismissed the action, and the former is here with its appeal.

There have been two trials in the district court. At the first one plaintiff recovered a judgment for $1,500.00, which, on appeal to the court of appeals, was reversed upon the sole ground that $500.00 thereof was allowed for attorneys' fees which plaintiff paid his counsel in the injunction suit, and the evidence failed to disclose how much of it was incurred in procuring a dissolution of the injunction, which particular part only was covered by the bond. It was, of course, wrong to include in the allowance what, if anything, plaintiff paid his attorneys for services in connection with the case generally.— *Quinn et al. v. Baldwin Star Coal Company*, 19 Col. App. 497.

Counsel for defendants, appellees here, in their brief say: "The same questions raised at the first trial, and passed upon by the court of appeals were presented at the second trial, and are before this court for determination on this appeal." It thus appears that we are asked by counsel for defendants to redetermine the questions of law and fact hitherto determined by the court of appeals. While the decision of that tribunal on the former appeal was the law of the case for the district court in the event of another trial, which learned counsel for defendants evidently persuaded the trial court it was its duty to

disregard, defendants correctly say that the decision
under the authority of *Brown v. Tourtelotte*, 24 Colo.
204, and our subsequent cases to same effect, does
not constitute the law of the case for this court.   The
point made is of no importance here, for Mr. Justice
Gunter's opinion on the review in the court of ap-
peals, as we shall presently see, correctly declares
the law, and in disposing of this appeal we shall give
full effect to it.   The evidence on the second, was
not materially different from that produced at the
first, trial, though in some respects it may be more
full and explicit.   Holding, as we do, that the legal
questions were correctly decided on the first review,
they are, for that reason, to be applied to the facts
elicited in the second trial.

   The material facts on which the decision rests,
are fully and chronologically stated in the opinion
of the court of appeals to which we refer.   It is suf-
ficient for our present purpose to say that plaintiff
claimed to be the owner, and, through its lessees, was
in actual possession of, and working, a coal mine in
Gunnison county.   Defendant Quinn, claiming own-
ership of the same property, brought an action in the
district court against plaintiff company and its
lessees, and obtained a temporary writ of injunction
restraining them from operating, working, taking
out, or selling any coal from the premises.   The re-
straining order was in force for nearly three years,
and until plaintiffs in that action, defendants here,
voluntarily dismissed it, which carried with it a dis-
solution of the writ.   There being no evidence by
defendants at the second trial, the evidence intro-
duced by plaintiff, and all legitimate inferences there-
from, must be taken as true in determining the ruling
on the motion for nonsuit.   Substantially the same
evidence, when before the court of appeals, in the
absence of contrary proof by defendants, was held

sufficient to prove the allegation of damage which plaintiff claimed it sustained by the falling of the mine workings pending the writ. We are in accord with the court of appeals and are of opinion that the trial court was wrong in taking the case from the jury upon this issue. Upon the question of profits we withhold expression of opinion, as the erroneous ruling on that of damage to the freehold requires a reversal of the judgment.

Defendants, however, while insisting that evidence upon this issue should not have been submitted to the jury, say, nevertheless, that, if it were otherwise, for other reasons disclosed by the record, plaintiff was not entitled to a recovery, and to these we address ourselves.

Before the rights of any of the parties here attached, the lands in controversy were a part of the public domain, coal lands, described as the north half of a certain quarter section in Gunnison county. One Sprankle made entry upon this tract under the federal laws, and intended to file upon it as the north half of the quarter section, which is its true description, but through some mistake his filing papers described it as the south half of the section. Quinn, a defendant in this action, and who procured the writ of injunction, after Sprankle had made, and taken possession under his filing, made entry upon the same north half. Sprankle at once protested Quinn's filing, but it was allowed by the local land office. Afterwards steps were taken by Sprankle, in the United States land office, to have Quinn's entry canceled, on the ground that it was fraudulently made, and for leave to amend his own filing by writing therein the true description. The controversy finally reached the secretary of the interior and, upon the conveyance to the government of the south half of the quarter section, on which he had no intention of fil-

ing, but which was the tract actually described in his original entry, and which had gone to patent, Sprankle was given leave to change his filing and entry so as to make it cover the north half of the section, which was the tract actually entered upon by him, and which he intended to file upon in the first instance. The decision also was that Quinn, though he had received a receiver's receipt under his filing upon the north half of the quarter section, was guilty of a fraud in making his entry. His entry and the receiver's receipt were for that reason canceled and declared void. When patent to Sprankle was issued for the north half of the section, it was made to relate back to the time of his original entry, which antedated the inception of the supposed rights of Quinn. Plaintiff company, the remote grantee of Sprankle, has whatever rights he acquired to the land in dispute.

With this statement of the salient facts, we take up the objections to plaintiff's recovery which defendants have argued:

All of them may be summed up in the general statement of defendants' counsel that the proceedings in the land department by the secretary of the interior are void. Their contention is that while the land department, which is entrusted with the exclusive management and disposition of public lands, may, in a proper case, permit an entry to be amended by allowing the correct description to be inserted, nevertheless, cannot make the amended, relate back to the time of the original, entry. The land department has jurisdiction to permit an amended entry to be made, and it likewise has jurisdiction to cancel an entry upon the ground of fraud. It did so in the proceeding referred to, and determined therein that a fraud had been perpetrated by Quinn upon the government, and that his original entry was fraudulent.

His alleged rights were therefore void *ab initio*. He is the one who is now questioning the right of the land department to make the decision which it did in respect to the Sprankle amendment. We agree with the statement of the court of appeals that the decision of the secretary of the interior annulling Quinn's entry, and permitting the amendment of Sprankle's entry, cannot be collaterally attacked as is here attempted. The secretary certainly had jurisdiction of both questions, and even if a wrong decision was made, which we do not say is true, his jurisdiction was unquestioned and his decision is binding upon this court in the pending action. As the question has not been argued, we do not pause to inquire as to the relative rights of the parties under our own public land laws concerning occupying claimants.

Another position is, that until Quinn's entry was canceled he had a superior title to this coal mine. This position is wholly untenable. Quinn's entry was fraudulent in its inception. He never acquired any rights to the premises. His alleged title was void *ab initio*. Obtaining an injunction by Quinn from the district court, upon the strength of a supposed rightful title, was as much a fraud upon the jurisdiction of the court as was his entry in the land office a fraud upon the United States government.

As part of the same contention it is also said that no injury was done to the freehold for which a recovery can be had, because title to this particularly described tract was not in plaintiff when the injunction writ was served. The court of appeals thought there was, and upon substantially the same evidence in this record we are of the same opinion, and that plaintiff was the equitable owner. Questions of law here raised by defendants, appellants here, are resolved against them. The evidence being sufficient

upon the question of damages to go to the jury, the granting of defendants' motion for a nonsuit was prejudicial error. The judgment is therefore reversed and the cause remanded, with instructions that if further proceedings be had, they be in accordance with the views herein expressed.

*Reversed and remanded.*

Chief Justice Steele and Mr. Justice Musser concur.